IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl Simmons, | ) C/A No. 0:09-1979-MBS-PJG |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Warden/FCI Estill, | ) **RECOMMENDATION** |
| Respondent. | ) |

Petitioner filed the instant pleading, entitled "Petition for Writ of Habeas Corpus Pursuant to Title 28, USC § 2241 Contesting Fact or Duration of Prison Conditions." (Docket Entry 1.) The pleading, which sought injunctive relief from various allegedly unconstitutional prison conditions, was liberally construed and docketed as a civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1]

An order directing Petitioner to bring the instant case into proper form was filed on August 19, 2009. (Docket Entry 7.) The proper form order, which granted Petitioner's motion to proceed *in forma pauperis*, stated that Petitioner's case had been liberally construed as a civil rights action and notified Petitioner of the three hundred and fifty dollar ($350) filing fee. Petitioner submitted the information necessary to bring the case into proper form, and an order was issued on September 24, 2009, directing service of process on the Respondent. (Docket Entry 10.) The order directing service of process again

---

[1]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.



notified Petitioner that he had "incurred a debt to the United States of America in the Amount of $350." (Id. at 1.) The order also directed the agency having custody of the Petitioner to collect payments from his prisoner trust account, in accordance with 28 U.S.C. §1915(b)(1) and (2), until the full filing fee is paid.

After service of process was ordered, Petitioner filed motions with the court asking that collection of the $350 filing fee be dismissed or deferred. (Docket Entries 14, 24, & 29.) Petitioner objects to the court's liberal construction of his case as a Bivens action and seeks an order from the court which would "void/rescind any further encumbrance on [Petitioner's] account and to establish and reimburse any prior assessed fees from his account in the amount of: Twenty-Eight dollars ($28.00)." (Docket Entry 24 at 5.)

In light of Petitioner's objections, the instant action has been changed on the court's Electronic Case Filing ("ECF") system to an action filed pursuant to 28 U.S.C. § 2241. Thus, the case is evaluated below under § 2241. As the case is no longer being reviewed as a civil rights action, it is recommended that the Motion to Dismiss the Bivens claim, filed on behalf of the Warden of FCI Estill, be terminated as moot. (Docket Entry 25.)

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25

PJG

(1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Page 3 of 8

PJG

## BACKGROUND

Petitioner's pleading claims that he "is subject to conditions which jeopardize and endanger him with regard to his safety," and which "violate Eighth Amendment minimal standards for prison conditions." (Pet., Docket Entry 1 at 3.) Petitioner further claims "custodial mismanagement" has "created two (2) major negligent categories: (1) Overcrowding, and (2) Understaffing." (Id.) In regards to understaffing, Petitioner states that, during lockdown "which occurs daily for approximately nine hours, inmate to staff ratios are 300 to 1." (Id.) Petitioner claims "[s]uch staffing deficiencies disable staff capacity to respond to emergency incidents," diminish "staff capacity to . . . safeguard inmates from one another," and require "officers to abandon primary posts in [the event of an emergency], leaving inmates totally unattended and virtually abandoned. Such situations pose life threatening negligence." (Id.) Petitioner next complains that he "is assigned to quarters designated as three-man-cells by the Warden. Usable area within the cells accord each occupant with eleven feet squared per. The Eighth Amendment minimum standard is forty feet squared per person." (Id.) Petitioner states "[t]hese conditions are dangerous," because "[i]nmates are forced into personal space violations with violent criminals in a prison that is understaffed." (Id.) As relief, the Petitioner requests that "the Respondent be ordered to rectify the dangers of overcrowding and understaffing and to provide the official duty of a reasonably controlled and safe atmosphere." (Id. at 2.)

*PJG*

## DISCUSSION

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." Preiser, 411 U.S. at 499.

In Preiser v. Rodriguez, the Supreme Court held that when a prisoner challenges the fact or length of his confinement and seeks release from that confinement, his sole federal remedy is a writ of habeas corpus. Preiser, 411 U.S. at 500. While the Court reserved judgment on the question of whether challenges to prison conditions may be brought under 28 U.S.C. § 2241, several circuit courts have since held that claims challenging the conditions of a prisoner's confinement are not properly brought in a habeas petition. See Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration'

Page 5 of 8
PJG

of confinement. . . . A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"); see also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254); Warman v. Philips, Civil Action No. 1:08cv217, 2009 WL 2705833 at *3 (N.D.W.Va. Aug. 25, 2009) (holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement").

In the present action, Petitioner claims that his constitutional rights have been violated by various conditions of confinement, which allegedly endanger Petitioner's safety. As Petitioner is challenging conditions of his confinement, rather than the execution of his sentence, Petitioner's action is not cognizable under § 2241. Further, the relief Petitioner seeks—an order directing the Respondent to "rectify the dangers of overcrowding and understaffing"—is essentially a request for injunctive relief unrelated to the cause, fact, or duration of Petitioner's incarceration. Such relief would not entitle Petitioner to accelerated release, which is the type of relief available in a habeas action. See Preiser, 411 U.S. at 484 ("the traditional function of the [habeas] writ is to secure release from illegal custody"); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).

Finally, it is noted that, even if the Petitioner could avail himself of § 2241, the instant Petition would still be subject to dismissal for failure to exhaust administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See McClung v. Shearin, No. 03-6952, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.

2001)). Petitioner clearly states that he has not exhausted his available administrative remedies. While Petitioner claims exhaustion should be "precluded" or excused in the instant action, the Petition fails to allege extraordinary circumstances sufficient to justify waiver of the administrative exhaustion requirement. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) ("'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action'") (citing Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)). As Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action pursuant to § 2241, dismissal of the instant action is appropriate.

### RECOMMENDATION

Therefore, the court recommends that the Petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice. It is further recommended that the motion to dismiss the Bivens action filed by the Warden of FCI Estill (Docket Entry 25) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).